WILLIAM M. CONEY

v.

WILLIAM PEPPERDINE.

*Practice—Verdict of Jury—Preparation of Instructions.*

While the court may amend bad instructions it is not bound to do so. Counsel must submit their instructions in correct form at their peril, or take their chances of having them given or refused as presented.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. F. P. MORRIS and KAY, EUANS & KAY, for appellant.

Messrs. R. W. HILSCHER and C. H. PAYSON, for appellee.

C. B. SMITH, P. J. This suit was commenced before a justice of the peace upon a due bill calling for $88.85, given by appellant to appellee, and dated December 20, 1882. There had been three trials on this due bill before as many juries, resulting each time in favor of the appellee for the amount due on the due bill. From the last judgment, obtained before the Circuit Court, appellant appeals to this court and asks for a reversal on two grounds: first, because the verdict and judgment is not supported by the evidence; and second, because the court erred in refusing certain

instructions asked by appellant. It appears from the evidence that this due bill was given upon a settlement of accounts between plaintiff and defendant, growing out of a contract to build an addition to the court house in Watseka.

The only defense now interposed by appellant to prevent a recovery on this due bill by appellee, is that there was a mistake made in the settlement at the time of giving the note. Appellant and his clerk testify that there was a mistake made, and that an examination of the books and accounts made by all the parties shortly afterward showed the mistake, and that such mistake was recognized by appellee. Appellee denied on the trial that there was any mistake, or that he recognized or admitted any such mistake. The witnesses on both sides detailed the facts relating to the whole transaction, and they were heard by the jury. The due bill itself made a strong *prima facie* case for appellee. The burden was on the appellant to prove the mistake by a preponderance of the evidence. Against appellant and his clerk was the due bill and appellee. It was for the jury to say whom they would believe. We can not say that the jury were mistaken in their findings. Before we are authorized to set aside the verdict of a jury we must be well satisfied that the verdict is clearly against the weight of the evidence and especially so after three trials. The applicant can not complain that the court refused him the right to prove that appellee borrowed money of him after this note was given and the settlement made, because the court finally permitted him to prove the fact, and he was not injured by the first refusal of the court. In this case we are not satisfied the jury erred after three verdicts for the same party.

Some complaint is made that the court erred in giving some of plaintiff's instructions and refusing some asked by the defendant. We have examined the instructions complained of, and find nothing erroneous in the action of the court in giving or refusing them. One of the refused instructions asked by defendant is admitted to have been wrong by counsel for appellant; but it is insisted that the court should have completed, corrected and perfected the instruction on

its own motion, and then given it. Counsel must at their peril submit correct instructions or take the chance of having them given or refused as they are presented. While the court may amend bad instructions, it is not bound to do so, but may refuse them.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*